## CIRCUIT COURT OF FAIRFAX COUNTY

John R. Herion

v.

Pulte Home Corp. et al.

January 12, 1988

Case No. (Law) 68673

BY JUDGE THOMAS A. FORTKORT

It is the Court's determination that John R. Herion, the plaintiff in the above-styled case is an independent contractor. Under the test in *Richmond Newspapers, Inc. v. Gill,* 224 Va. 92, 294 S.E.2d 840 (1982), Herion meets the definition of independent contractor. In that case, the Court discussed the essential element of control in these words:

> If under the contract the party for whom the work is being done may prescribe not only what the result shall be, but also direct the means and methods by which the other shall do the work, the former is an employer. But if the former may specify the result only, and the latter may adopt such means and methods as he chooses to accomplish that result, then the latter is not an employee, but an independent contractor.

In the case at bar, Herion was hired to do carpentry work by Miller Construction Company on a piece work basis. Herion was required to reimburse Miller for certain insurance payments out of the monies received by Herion. The contract was an oral contract where Herion was paid a fixed price for a designated piece of work satisfactorily completed. While Miller maintains he was in control of Herion's work at all times, it is clear that Miller's only interest in Herion's work was the result. That is, that Herion completed his work in a

workmanlike manner. Since there was an oral contract which contained only the agreement to pay Herion for work satisfactorily completed, Miller could terminate the agreement at any time. But, Miller did not control the "means and methods" by which Herion did his work but was only concerned with the results produced by Herion.

There is no question that Herion was an independent contractor. Defendant Pulte argues that if the Court finds that Herion was not an employee but an independent contractor, he is still a "statutory employee" of Pulte. To that proposition, Pulte supplies § 65.1–4 of the Code of Virginia which defines "employee" as follows:

> employee includes every person . . . in the service of another under any contract of hire . . . written or implied, except one whose employment is not in the usual course of the trade, business, occupation, or profession of the employer.

Pulte argues since Herion himself worked as a carpenter in building the housing units, he is engaged in the same business as Pulte and is its statutory employee.

There is little doubt that the independent contractor who both supervises a job as well as works on the job creates a unique situation under the Workmen's Compensation Act. Pulte quotes from Professor Larson on his treatise on *The Law of Workmen's Compensation* addressing the non-coverage of the sub-contractor as the claimant. Professor Larson refers to this situation as "curious gap" and states allowing the sub-contractor himself to be a claimant "would make for consistency and unity in the pattern of coverage." Larson, *The Law of Workmen's Compensation*, § 45.20 at 8–140.

If one looks at the Workmen's Compensation Act as a single unitary result whenever a person on any job is injured, then indeed as Pulte asserts, the result which places the independent contractor himself who is doing the exact same work as his employee outside the Act is inconsistent.

But as Justice Holmes observed long ago, "the life blood of the law is not logic but experience." There are in fact numerous instances of people injured on the job site who are left to common law remedies. The doctrine of "stranger to the work" does not refer to someone who trespasses on a job site, but rather to someone who is on the job site to perform a specific act necessary to the continuation of the work but who does not come under the umbrella of the Work-

men's Compensation Act. Logically, a person so positioned should come under the Act but he does not.

It is the opinion of the Court that Herion is not a statutory employee of either Pulte or Miller and is free to pursue his common law remedy. The fact that Herion on a prior occasion during the "crane day" might have been a statutory employee does not affect his status on the day of injury. Nor does the fact that the acts of negligence which allegedly occurred on "crane day" and led to Herion's injuries a few days later change the result. Herion's common law status can only be determined by his status on the date of injury. On that day, he was an independent contractor and not a statutory employee.